No. 14.—NAHUM H. WOOD, plaintiff in error, *vs*. HUGH O.
K. NISBET, defendant in error.

[1.] If A buy land of B, giving his notes in payment, signed as trustee for
his wife, and execute a mortgage to secure the payment of the purchase
money, signed in the same way, the service of the rule on A to foreclose
the mortgage on the land, is sufficient under the Statute; and the *cestui*
*que trust* need not be made a party.

Rule to foreclose mortgage, in Early Superior Court.
Decided by Judge WILLIAM C. PERKINS, October Term,
1855.

This was a motion made by Hugh O. K. Nisbet, for a
rule absolute to foreclose a mortgage made by Nathan H.
Wood, trustee of Mary L. Wood.

The mortgage bears date the 1st day of January, 1852,
and recites that " Nahum H. Wood, trustee of his wife, Mary
L. Wood, hath made and delivered to the said Hugh O. K.
Nisbet three certain promissory notes, subscribed with his
hand, and bearing date, the day and year last aforesaid,
whereby the said Nahum H. Wood, trustee as aforesaid, hath
promised to pay the said Hugh O. K. Nisbet, by one of said
notes, one thousand dollars, on or before the 1st day of Jan-
uary, 1854; by another of said notes, one thousand dollars,
on or before the 1st day of January, 1855; and by the other
of said notes, one thousand dollars, on or before the 1st day
of January, 1856, with interest, annual, from date for value
received." It then, " to secure the payment of said promis-
sory notes," conveys to the said Hugh O. K. Nisbet, lots of
land, Nos. 119 and 120, in the 6th district of Early County,
conditioned, " That if the said Nahum H. Wood, as trustee
as aforesaid, his heirs, executors and administrators, shall
and do well and truly pay, or cause to be paid, unto the said
Hugh O. K. Nisbet, his heirs and assigns, the aforemen-
tioned sum of three thousand dollars, on the days and times
mentioned and appointed for the payment thereof in the said.

promissory notes mentioned, with lawful interest for the same, according to the tenor of said notes, then and from thence-forth, as well this present indenture, and the right to the property thereby conveyed, as the promissory notes shall cease, determine and be void to all intents and purposes.

    (Signed,)               NAHUM H. WOOD, [L. S.]
                                      Trustee, as aforesaid."

Upon petition, filed at April Term, 1855, a rule *nisi* was granted, reciting, that whereas "It appeared to the Court by said petition, that on the 1st day of January, 1852, Nahum H. Wood, trustee for his wife, Mary L. Wood, made and delivered to said Hugh O. K. Nisbet, two certain promissory notes, of one thousand dollars each, bearing date the day and year aforesaid, whereby the said Nahum H. Wood, trustee as aforesaid, promised, on or before the 1st day of January, 1854, to pay said Hugh O. K. Nisbet, or order, one thousand dollars, with interest, annual, for value received; and on or before the 1st day of January, 1855, to pay the said Nisbet, or order, one thousand dollars, with interest from date, annual, for value received—the same being in part for certain lots of land hereinafter described;" and then going on to recite that the said Wood, as trustee aforesaid, the better to secure said notes with another, executed his deed of mortgage, conveying to said Nisbet lots 119 and 120, in the 6th district of Early County, conditioned, as appears in said mortgage already set forth. The said rule *nisi* then orders "that said Nahum H. Wood, trustee of said Mary L. Wood, do pay into Court, by the 1st day of the next term thereof, the principal, interest and costs due on said two promissory notes, or show cause to the contrary, if any he has; and that on failure of said Nahum H. so to do, the equity of redemption in and to said mortgaged premises, be forever barred and foreclosed against the said Nahum H. Wood and the said Mary L. Wood, the said *cestui que trust.* And further, that a copy of this rule be served on the said Nahum H. Wood, or his At-

torney, at laast three months previous to the next term of this.
Court."

The two. notes, to pay which a foreclosure sought, are as.
follows :

" On or before the first day of January, eighteen hundred,
and fifty-four, I promise to pay Hugh O. K. Nisbet, or order,.
one thousand dollars, with interest, annual, for value received.
January 1st, 1855.     (Signed,)
                          NAHUM H. WOOD,
                             Trustee for his wife."

" On or before the first day of January, one thousand eight.
hundred and fifty-five, I promise to pay Hugh O. K. Nisbet,
or order, one thousand dollars, with interest, annual, for
value received.   January 1st, 1852.
                    (Signed,)
                          NAHUM H. WOOD,
                             Trustee for his wife."

. On June 12th, 1855, service of the rule *nisi* was acknowl-
edged by " W. C. Cook, Attorney in fact for N. H. Wood."

At the hearing in the Court below, defendant's Counsel ob-
jected to the granting of a rule absolute, on the following
grounds :

1st. Because the said mortgage was given to secure the
payment of three promissory notes; that the. contract of
mortgage was an entirety, and that the movant could not,
upon the falling due of one or more of the notes, foreclose·
upon the same, the entire property, but must await the fall-
ing due of the whole amount, the same being payable in an--
nual instalments; that for this purpose alone, he could not
abandon the contract, the same being, by deed, under seal;
that he could and must proceed under another remedy, and
hold the lien under the mortgage in abeyance, until the whole
amount became due.

2d. Because the mortgage was made by a trustee binding
trust property, within the knowledge of the plaintiff; and

that he must, by his pleadings, put himself before the Court under some rule showing his right thus to debar and foreclose the rights of the *cestui que trust*.

3d. That the *cestui que trust*, Mary L. Wood, is a necessary party, because she, alone, is the party in interest, and that she was not made a party, or any service perfected upon her.

4th. That there was no service of the rule *nisi* within the meaning of the Statute, and that if there was any service, the same was insufficient.

5th. Because the said rule absolute should only be granted against Nahum H. Wood, and not against him as trustee for Mary L. Wood, because the notes upon which the mortgage was predicated, were only signed by him " as trustee for his wife," which was merely *descriptio personæ*, and not sufficient to bind the trust estate, if it could be reached at all in this proceeding, which they deny.

6th. That the property mortgaged, is the property of Mary L. Wood, and not the said Nahum H. within the knowledge of the said Hugh O. K. Nisbet, at the time the mortgage was made; and therefore, not subject to alienation or mortgage by the said Nathan H. Wood.

These objections were all submitted in writing, and were all over-ruled by the Court—defendant excepting to the decision.

7th. Defendant then moved to strike out so much of said rule as recited that the said notes, to secure which the mortgage was given, were for certain lots of land, there being no evidence of that fact in the record, nor any proof thereof; which motion the Court refused.

8th. Defendant then moved to strike out of said rule the words "trustee for Mary L. Wood," because, by a proceeding *in rem*, the right of the *cestui que trust* could not be adjudicated, and because she was not made a party; neither was any service perfected on her, or any one representing her; which motion was also refused.

9th. Defendant moved to strike out of the rule *nisi*, the

words "on or before the 1st day of January, 1855," because they had been inserted after the rule was granted and signed by the Court. Which motion being over-ruled, defendant moved to continue, on the ground of a material amendment, but the Court refused to allow a continuance.

10th. Defendant moved to strike out the name of Mary L. Wood, because the notes upon which the mortgage was predicated, were signed "Nahum H. Wood, trustee for his wife," and not for Mary L. Wood. This motion was over-ruled also.

All of defendant's objections having been over-ruled, the Court granted a rule absolute foreclosing said mortgage, and defendant excepted and says, the Court erred in over-ruling the objections and motions submitted by him.

Hood & Robinson, for plaintiff in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

[1.] This is a proceeding *at Law*, under our mortgage foreclosure Act. Wood bought land of Nisbet, gave his notes, signed as trustee for his wife, and a mortgage on the land to secure the purchase money, signed in the same way. Wood, therefore, as trustee, is the mortgagor; and under the Statute, he is the party to be served.

Were the case in Equity, the rule might be different. In Equity, the *cestui que trust* should be made a party where the litigation is on account of any matter which concerns the execution of the trust.